NOT DESIGNATED FOR PUBLICATION

No. 119,394

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TODD EDWIN LEWIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wabaunsee District Court; GARY L. NAFZIGER, judge. Opinion filed June 28, 2019. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., PIERRON and BRUNS, JJ.

PER CURIAM: Todd Edwin Lewis appeals from his conviction for possession of methamphetamine in violation of K.S.A. 2016 Supp. 21-5706(a), (c)(1). On appeal, he contends that the State excluded material information from the affidavit used to obtain a search warrant of his residence. The State contends that the affidavit was sufficient and argues that even if it was not, the good faith exception should apply. Based on our review of the record on appeal, we conclude that the affidavit contained sufficient indicators of probable cause for a reasonably well trained law enforcement officer to believe in the validity of the judicially approved search warrant. Thus, we affirm.

1

On June 2, 2017, the State of Kansas charged Lewis with one felony count of possession of methamphetamine in violation of K.S.A. 2016 Supp. 21-5706(a), (c)(1), one misdemeanor count of possession of marijuana in violation of K.S.A. 2016 Supp. 21-5706(b)(3), (c)(3)(A), one misdemeanor count of possession of drug paraphernalia in violation of K.S.A. 2016 Supp. 21-5709(b)(2), and one felony count of possession of a device used in suppressing the report of a firearm, in violation of K.S.A. 2016 Supp. 21-6301(a)(4).

On November 3, 2017, Lewis filed a motion to suppress "any and all information, statements, and/or evidence seized or ascertained from the arresting officers after the state executed the search warrants in [this case], as they were issued without probable cause." In the motion, Lewis argued that the affidavit submitted in support of the search warrant issued for his residence "failed to demonstrate credibility and reliability of informant information, and . . . failed to establish a nexus between [his] Mulberry Street [address in] Eskridge, Kansas, and illegal activity." The State filed a response on November 8, 2017.

The district court held a hearing on Lewis' motion to suppress on December 18, 2017. At the hearing, Lewis argued that much of the information in the search warrant affidavit was general and uncorroborated. Further, defense counsel argued that "if you have informants, you should corroborate that the information they've given in the past is reliable, and, whenever possible, the Courts have said you should also identify them so that they can be held accountable if the information they give is not truthful."

On the other hand, the State argued that the search warrant was facially valid. The State suggested that a "litany of information" supported the original probable cause finding for the issuance of a search warrant. The State pointed out that several trash pulls

provided "evidence of drug use, and particularly methamphetamine use, as well as indicators that the trash came from the . . . Lewis residence." The State also noted that a confidential informant provided information that Lewis was "'holding' at the time, meaning that he would be in possession of . . . drugs." Also, the State argued that the sheriff's office performed the trash pulls "near in time" to the information provided to them. In the alternative, the State argued that the "good faith" exception should apply.

In denying the motion to suppress, the district court found:

"[T]he affidavit established that the police, based upon prior activity, comments and prior arrests, had identified the residence of [Lewis] as a possible location for drug use or distribution.

"The affidavit sets forth that they conducted a drug pull from the trash at the residence of [Lewis], that there was indicia in the trash that identified [Lewis] and the residence, that there were items in the trash which indicated that the—that could have been used to either ingest methamphetamine—there was residue on some of the items positive for methamphetamines.

"Based upon that evidence, the Court finds that the magistrate and that this Court finds that there was reasonable probable cause to issue a warrant for the house for the items listed, which were, essentially, drug related items[.]"

On February 28, 2018, Lewis and the State agreed to proceed on the stipulated facts while preserving the issue of suppression for appeal. On the same day, the State amended the complaint to include only one count—felony possession of methamphetamine in violation of K.S.A. 2016 Supp. 21-5706(a), (c)(1). Specifically, Lewis and the State agreed to the following stipulated facts:

- Lewis lived on the 200 block of Mulberry Street in Eskridge, Kansas.

- Deputy Sam Hamilton performed two trash pulls at that address on May 30 and 31, 2017.
- Deputy Hamilton found "a broken glass pipe" covered in a substance later identified as methamphetamine. He also recovered a baggie containing methamphetamine. In addition, the trash contained mail bearing Lewis' name.
- Following the trash pulls, the sheriff's office obtained a search warrant and searched the residence on May 31, 2017.
- During the search of the residence, four baggies with methamphetamine were found. Additionally, the officers found two scales, three glass pipes, and syringes.
- The officers detained Lewis and provided him with a written *Miranda* waiver.
- Lewis told the officers that he owned the methamphetamine and used the drug. During this questioning, Lewis provided a written statement that said any methamphetamine recovered from the house was his.

After considering the stipulated facts, the district court found Lewis guilty of possession of methamphetamine. Subsequently, the district court imposed the standard sentence of 11 months of incarceration. The district court also ordered "intensive supervised probation" for 18 months with a postrelease supervision period of 12 months. Thereafter, Lewis timely appealed.

ANALYSIS

The only issue on appeal is whether the district court erred in denying Lewis' motion to suppress. Lewis argues that the application for the search warrant contained several obvious defects. In response, the State argues that under the totality of the circumstances this court should find that the search warrant was supported by probable

4

cause. Alternatively, the State contends that even if the search warrant was not supported by probable cause, this court should hold that the good faith exception applies.

The Fourth Amendment to the United States Constitution and § 15 of the Kansas Constitution Bill of Rights protect citizens from unreasonable searches and seizures. *State v. Baker*, 306 Kan. 585, 589-90, 395 P.3d 422 (2017). Under the exclusionary rule, suppression of improperly obtained evidence may be warranted to deter future violations of the Fourth Amendment. *State v. Powell*, 299 Kan. 690, 694-95, 325 P.3d 1162 (2014). However, the exclusionary rule is subject to a good faith exception when law enforcement officers reasonably rely on a search warrant subsequently found to be invalid. *State v. Hoeck*, 284 Kan. 441, 463-64, 163 P.3d 252 (2007).

In *United States v. Leon*, 468 U.S. 897, 916, 104 S. Ct. 3405, 82 L. Ed. 2d 677, *reh. denied* 468 U.S. 1250 (1984), the United States Supreme Court recognized that "the exclusionary rule is designed to deter [law enforcement officer] misconduct rather than to punish the errors of judges and magistrates." Further, the Court found that the suppression of evidence found after a detached and neutral judge issued a search warrant and a law enforcement officer—acting in good faith—reasonably relied on the warrant does not further the purpose of the Fourth Amendment exclusionary rule. 468 U.S. at 916-21.

In *State v. Hoeck*, the Kansas Supreme Court adopted the *Leon* good faith exception. 284 Kan. at 463-64. In doing so, our Supreme Court delineated the requirements that must be met for the good faith exception to apply:

> "[T]he Fourth Amendment exclusionary rule should not be applied to bar the use
> of evidence obtained by officers acting in reasonable reliance on a search warrant issued
> by a detached and neutral magistrate but ultimately found to be invalid, except where:
> (1) the magistrate issuing the warrant was deliberately misled by false information; (2)
> the magistrate wholly abandoned his or her detached or neutral role; (3) there was so little

indicia of probable cause contained in the affidavit that it was entirely unreasonable for the officers to believe the warrant was valid; or (4) the warrant so lacked specificity that officers could not determine the place to be searched or the items to be seized." 284 Kan. at 463-64.

More recently, in *State v. Zwickl*, 306 Kan. 286, 295, 393 P.3d 621 (2017), our Supreme Court explained:

"'The threshold to avoid the Leon good-faith exception is a high one.' *State v. Powell*, 299 Kan. 690, 701, 325 P.3d 1162 (2014). Our task is to 'evaluate whether it was entirely unreasonable for the officers to believe the warrant was valid. . . .' 299 Kan. at 701. To do so, 'we look to the affidavit in its entirety' and determine "'whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization.'" *Powell*, 299 Kan. at 701 (quoting *Leon*, 468 U.S. at 922 n.23). So long as the affidavit contained more than "'bare bones,'" the officers' reliance on the warrant was reasonable. See *Hoeck*, 284 Kan. at 452. Other courts have described the affidavit content sufficient to invoke the good-faith exception as information establishing a 'minimal nexus between the place to be searched and the suspected criminal activity.' *United States v. Augustine*, 742 F.3d 1258, 1263 (10th Cir. 2014)."

We apply a bifurcated standard of review to determine whether the district court erred suppressing evidence. Under this standard, we consider whether the factual underpinnings of a district court's decision were supported by substantial competent evidence and then review de novo the ultimate legal conclusion drawn from those facts. *Hoeck*, 284 Kan. at 464. The bifurcated standard of review is also applicable in deciding whether the good faith exception applies. See *Powell*, 299 Kan. at 700-05.

Here, we note several potential deficiencies in the affidavit presented to Magistrate Judge Blaine A. Carter in support of the application for a search warrant. In particular, we have concerns about the information provided about the confidential informant. Perhaps additional information was provided to Judge Carter when the officer presented the affidavit for consideration. Regardless, even if the affidavit was deficient, we do not find

this to be a case in which there is so little indication of probable cause in the affidavit that a reasonable law enforcement officer—acting in good faith—would override the probable cause determination and refuse to execute the search warrant signed by Judge Carter. Rather, we find that the good faith exception is applicable in this case.

In *Zwickl*, our Supreme Court noted "that two different courts looked at the same document and arrived at opposite conclusions about the indicia of probable cause and how an objectively reasonable law enforcement officer would view the affidavit's contents after the judge issued the warrant. The quandary for the officer is apparent." 306 Kan. at 295. In the present case, a reasonable officer acting in good faith would be in even more of a quandary because both Judge Carter and later Judge Gary L. Nafziger found that the affidavit was sufficient to establish probable cause for the issuance of the search warrant.

After reviewing the affidavit presented in support of the search warrant in this case in its entirety, we conclude that it does provide enough indicia of probable cause that a reasonable law enforcement officer would rely upon the search warrant. Specifically, we noted that the affidavit lists two informants who provided similar information and are "mutually corroborative" of the fact that Lewis sold and possessed narcotics in his home. Moreover, the consistent reports over time by these informants concerning drug activity in the same residence "illustrate[s] a continuous pattern of illegal conduct over many months, which support[s] probable cause." See *Zwickl*, 306 Kan. at 296. The affidavit is also bolstered by the trash pull, which did provide some "indicia of involvement in criminal activity." See *Zwickl*, 306 Kan. at 296.

We also note that in paragraph 5, the affidavit states that "concerned citizens" witnessed "frequent visitors" to Lewis' residence:

7

"Officers have received information from several concerned citizens about the activity that they have observed at the residence of . . . Lewis. It has been reported that there are frequent visitors at the residence and they arrive at all hours of the day and night and stay for short periods of time. Concerned citizens and neighbors report that these individuals are known to the community as drug users or are persons with documented criminal histories of drug use. Concerned citizens provide the names of the individuals they have observed and many of these individuals do have criminal histories."

Then, in paragraph 7, the affidavit explains that law enforcement officers independently investigated these claims:

"Officers have observed and recorded individuals frequenting the residence of . . . Lewis. Several individuals that have criminal histories which include drug use have been observed entering the residence in the manner described and staying for short periods of time. These individuals frequent the residence at all hours of day and night and come by vehicle or on foot. The officers are making observations that are consistent with what is being reported by the public."

This information that individuals with known drug histories frequent the house in a manner consistent with drug activity "was verified by law enforcement's independent investigation" and further provides indicia of probable cause that drug activity occurred in Lewis' residence. See *Zwickl*, 306 Kan. at 296.

Applying the principles set forth in *Leon*, *Hoeck*, and *Zwickl*, we conclude that a well-trained law enforcement officer could reasonably rely in good faith on the judicially approved search warrant issued in this case. Accordingly, we affirm the district court's decision denying Lewis' motion to suppress evidence.

Affirmed.